CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK
2026 SEP 25 P 3:20
RECEIVED

**ANTON WERNER**
Movant Pro Se, Individually
Authorized Property Manager and Agent for HCEC Equities LLC
33-54 83rd Street, Suite E01
Jackson Heights, New York 11372
646-382-5642 | ucm2000@icloud.com
September 25, 2026

**VIA HAND DELIVERY — EMERGENCY APPLICATION/ Cover letter**

**Clerk of the Court**
United States Bankruptcy Court
Eastern District of New York
271-C Cadman Plaza East, Suite 1595
Brooklyn, New York 11201-1800

**Re: In re HCEC Equities LLC** Chapter 11, Case No. 26-42985-JMM

**Emergency Application for Order to Show Cause and Temporary Stay**

Dear Clerk:

Please accept the enclosed emergency application for filing and prompt presentation to the Honorable Jil Mazer-Marino.

Anton Werner submits this application pro se solely in his individual capacity as the person expressly designated and subjected to obligations and possible enforcement under the September 14, 2026 Order. He does not appear as legal counsel for HCEC Equities LLC.

The enclosed packet contains:

1. Emergency Application and supporting declaration;
2. Proposed **unsigned** Order to Show Cause;
3. Proposed temporary stay of enforcement;
4. Request for fourteen days to retain counsel;
5. New York Attorney General request for investigation, together with available proof of certified mailing and delivery; and
6. Certificate of Advance Notice and Hand Delivery to The Clerk of The Court for ECF service and Fling , Time stamped .

This packet, including the proposed unsigned Order to Show Cause, is being hand-delivered to the Clerk for filing. Copies are also being separately delivered to the affected parties identified in the accompanying certificate. ECF notification may provide additional notice to registered parties but is not represented as a substitute for any service required by the Court.

Because of the asserted emergency and the potential enforcement consequences against an unrepresented individual, Mr. Werner requests prompt consideration. If the Court signs the proposed Order to Show Cause, Mr. Werner will promptly serve the signed Order and accompanying papers exactly as directed by the Court and thereafter file a separate certificate of service.

Temporary, limited, and interim relief is respectfully requested because enforcement may continue while Mr. Werner remains unrepresented and while materials allegedly necessary for complete compliance remain in former counsel's possession. According to Mr. Werner, former counsel has not complied with the September 2 client-file turnover demand, which requested production no later than September 7, 2026.

Respectfully submitted,

**ANTON WERNER**
Movant Pro Se, Individually

**Copies served upon the following by ECF Filing , hand delivery, and time stamped :**

- Marianne T. O'Toole, Chapter 11 Trustee;
- O'Toole + O'Toole PLLC;
- Office of the United States Trustee;
- Morris Fateha, Esq.; and
- Other affected parties identified in the accompanying certificate.

Attachment A: Proof of Prior Filing with the New York Attorney General

| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br><br>In re:<br><br>HCEC EQUITIES LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-42985-JMM<br><br>Hon. Jil Mazer-Marino |
|---|---|

# EMERGENCY APPLICATION OF ANTON WERNER FOR AN ORDER TO SHOW CAUSE TEMPORARY STAY PROTECTIVE RELIEF AND TIME TO RETAIN COUNSEL

Anton Werner ("Movant"), appearing pro se solely in his individual capacity and not as counsel for HCEC Equities LLC, respectfully requests an emergency Order to Show Cause temporarily staying enforcement against him, granting protective relief and, to the extent applicable, a temporary restraining order, and allowing him fourteen days to retain counsel. Retained counsel would then be permitted to file, adopt, amend, or supplement an application under Federal Rule of Civil Procedure 60(b), as incorporated by Bankruptcy Rule 9024, addressing the August 18 and September 14, 2026 Orders.

## PRELIMINARY STATEMENT

This application asks the presiding Bankruptcy Judge to preserve the status quo before additional coercive enforcement occurs. Though the Bankruptcy Estate has been void of Counsel, since termination of former Counsel for cause, on September 2nd, and its withdrawal as attorney of Record representation on September 3rd due extraordinary circumstances , yet Mr. Werner to represents the Debtor as its authorized agent and property manager , nor does it request restoral of estate property to him, or displace the Chapter 11 Trustee at this time . It instead seeks specific limited relief asking (1) to stay the proceedings and enforcement pending retaining counsel (2) to retain counsel to represent himself, as well as the unrepresented Debtor Estate ( both of which are unrepresented at this time since September 2nd and 3rd.) (3) during the limited and specific requested stay of 14 days , that principally that Mr. Werner not be held in contempt, sanctioned, or subjected to adverse inferences for materials outside his possession, custody, or control particularly while he is unrepresented , and while terminated former counsel continues, as evidenced and alleged to withhold the client file; that so , though the client file to his present knowledge has no retaining lien nor any legitimate reason not to comply with file turnover to responsible party Anton Werner. Mr. Werner is the, authorized property manager and Agent, now subject to orders adversely effected by former counsel's termination, for cause.

With counsel retained, as may be necessary , subpoena for the case file can be down as may required , while an anticipated Rule 60 application, through Werner Counsel bay a stay , would allege procedural error, mistake, lack of authority or consent, misrepresentation, extraordinary circumstances, and fraud upon the Court. Those matters remain disputed allegations requiring findings by this Court. A related complaint submitted to the New York Attorney General is requesting an independent criminal investigation, and shall now been Noticed and later files Filed separately with this Honorable Court to be aware of the relevance body of evidence withheld, that may reach threshold answers; those answers may be below probable cause, relevant to this movants pending a Rule 60(b) violation, and the withheld file it holds, may justifiable be evaluated through newly retained Counsel 's filings , if a reasonable stay is granted to allow the limited time to retain Counsel to be enabled by stay to prepare and present its petition to the honorable Copart. As of now here before you is unrepresented movant seeks the stay also to retain Counsel on behalf of Debtor as currently has no attorney of record and is unrepresented.

These now alleged issues (no representations while proceedings move adversely against the unrepresented identified parties with key standing ) . The pending and further to be noticed, new evidence, is at this time naturally is not a resolved adjudication or proof that any crime occurred; against the Debtors Estate and the Honorable Court , nevertheless , and yet it has been reported asked to be investigated by the New York Attorney General. As well, this this court is notified of missing evidence withheld by the alleged malfeasance of terminated Counsel, evidence relevant and being brought to this Court, if stay and counsel is enabled to be retained for Agent Werner, under a pending petition for Rule 60 violation. If movant is granted a stay to retain private counsel as it is currently unrepresented and is under the authority and prevue of this honorable Court and Civil Jurisdiction.

## IMMEDIATE TEMPORARY RELIEF REQUESTED

1. Temporarily stay enforcement of the August 18 and September 14, 2026 Orders against Anton Werner until the return date of the Order to Show Cause and, after hearing, for fourteen days to permit him to retain counsel and have professional representation to address a Rule 60 violation, and seeking to remedy the unilateral withdrawal of filed opposition against the will of the estate that damaged both the estate as well as Mr., Werner.
2. Immediately and Temporarily prohibit contempt proceedings, sanctions, adverse inferences, arrest-related process, or other coercive personal enforcement against Mr. Werner based on alleged noncompliance during the temporary-stay period invoked and put in effect upon emergency signing, service obligations completed.
3. Grant a temporary protective order and, to the extent the Court determines applicable and procedurally proper, a temporary restraining order preserving relevant property, records, electronically stored information, keys, accounts, funds, payments to the take over team put in place as alleged under a procedurally Rule 60 violation, and protect improperly omitted evidence pending the hearing.
4. Provide that Mr. Werner will continue reasonable cooperation with written requests that identify materials with specificity and concern items actually within his possession, custody, or control.
5. Direct Elliot Schlissel, Esq., Nathan DeCorpo, Esq., and their firm to preserve the complete client file and produce it by a date certain prior to Mr. Werner , at least 5 days prior to the hearing , and Or to its retained Counsel; terminated counsel's , current non -compliance is contrary to former and terminated counsel's full and complete compliance , and is moved to be required to appear and state any legal basis for withholding it if it has not complied by the date certain date.
6. Grant Mr. Werner 14 days after entry of temporary relief to retain counsel, and permit retained counsel 14 ( fourteen) additional days to file, adopt, amend, or supplement the withdrawn opposition papers , and also to file a Rule 60(b)/Bankruptcy Rule 9024 motion seeking vacatur of the August 18 and September 14 Orders.
7. Grant expedited consideration, shortened notice as may be necessary, and such other relief as is just.

## FACTUAL BASIS

8. On August 14, 2026, former counsel submitted an unauthorized and inaccurate attorney letter concerning and causing withdrawal of the Debtor's filed opposition. Mr. Werner alleges that the letter inaccurately stated and explicitly stated consent, and contradicted instructions to maintain and strengthen the opposition, and thereby the letter misled the honorable Judge on the eve of adjudication of the primary August 18th motion and Order granting it , that then led to a September 14th enforcement Order, conclusions not reasonably arrived at but for deception and the misleading of the Honorable Court and Presiding Judge.

10. On August 18, 2026, the Court entered an Order appointing a Chapter 11 Trustee and removing Debtor-in-Possession management control ; that Order inadvertently harmed the Court, the Debtor, Creditors, as well as Anton Werner. Said Order is the byproduct of an August 14th , misleading and unauthorized attorney letter , submitted with no notice or Debtors consent, submitted on the eve of deliberation , to the Honorable Judge. It is alleged as the evidence is believed to show to misled and deceived the honorable Judge and Court. Authorized property manager and agent . Mr. Werner contends that the Order rests, at least in large part, on a materially incomplete and inaccurate record, where new evidence was withheld by terminated Counsel , and remains withheld from the honorable Judge and the Court record.

11. **When** Former counsel deception, was detected by independent inquiry , it was terminated for cause, and it was directed on September 2, 2026 to deliver the complete client file to Agent Anton Werner being held responsible by the honorable Court . Mr., Anton Werner is tasked, with production demand and requested turnover by removed counsel with delivery by September 7, 2026. Mr. Werner states that the client file remains undelivered., while it is in effect notified and requested required now by this Court , and as well, the NY attorney General for investigation,. Its turn over supports and is consistent with Compliance with this Courts requirements and Order's.

12. On September 9, 2026, Mr. Werner filed an objection to waste of Chapter 11 Estate assets to extradentary fees accruing and to accrue due to the transfer of management control , and then later that day appeared at the property and delivered available keys and materials to the Trustee and associated professionals. Mr. Werner states that he has cooperated with the Trustee Demand to the extent possible given items demanded not in his custody and control , and has not refused lawful cooperation and instead has reasonably cooperated .

13. On September 14, 2026, the Court entered an Order compelling compliance, designating Mr. Werner as the person responsible for performing the Debtor's obligations, and directing cooperation with the Trustee yet the materials it demands since September 2nd , and by September , 7th, remain uncompiled with, and ore otherwise are not in Mr., Werner's custody and control, which includes terminated Counsel's noncompliance.

14. Mr. Werner is presently unrepresented in his individual capacity. He states that complete compliance depends in part on records held by terminated former counsel and other entities, not him.

15. **The Bankruptcy Estate is Unrepresented as of September 2nd and 3rd, and subsequent order of September 14th, has not been served , while the Orders' rest on a procedurally questioned and due process denial and basis; that malady and discrepancy is or may be aided and ameliorated by granting an immediate stay for Mr., Werner to retain Counsel , not only for himself yet t also the estate of HCEC Equities LLC.**

16. **Attorney Morris Fateha Esq entering the case on September 19th , was emergency retained, and willing to partially replace Schlissel and Decorpo , and has limited representation scope only, and only represents Marilyn Peter, not Mr. Werner, nor HCEC Equities LLC . .**

17. **Duly noted,** Mr. Werner commenced submission and soon to complete his evidentiary submission , as complete submitted , complaint to the New York Attorney General , requesting criminal investigation of the disputed conduct. The complaint , evidence body, and its allegations have not been adjudicated and are offered only as Notice and evidence that he promptly reported his concerns to a proper Authority, and sought review , while it Notifies this Court as Courtesy and Respect to the relevance of the new evidence it contains that it may have further relevance on a rule 60 violation.

## LEGAL BASIS

Bankruptcy Rule 9014 requires relief in a contested matter to be requested by motion with reasonable notice and an opportunity to be heard. Bankruptcy Rule 9024 makes Rule 60 applicable in bankruptcy cases. Rule 60(c)(2) provides that a Rule 60 motion does not itself stay an order, making a separate temporary-stay request necessary. Section 105(a) of the Bankruptcy Code authorizes orders necessary or appropriate to carry out provisions of the Code, but does not permit relief inconsistent with the Code or Rules.

To the extent the request is treated as injunctive relief, Federal Rule of Civil Procedure 65 and Bankruptcy Rule 7065 may govern and may require an adversary proceeding. **Movant therefore** asks only first for a temporary stay and protective order concerning enforcement of this Court's own Orders, and requests TRO relief only to the extent the Court determines it is available in the main case. In all events, affected parties should receive notice and an opportunity to respond as directed by the Court.

## NEED FOR TEMPORARY RELIEF

Temporary relief is necessary to prevent immediate and potentially irreparable personal consequences before Mr. Werner can obtain counsel and present a complete record. The requested pause is narrow and limited. It leaves property already delivered in the Trustee's custody, allows ordinary preservation and protective administration, seeks a limit of expense billing by turnover team to a reasonable sum $700 per day, or less during the stay period, and requires Mr. Werner to continue cooperating concerning specifically identified items actually within his control.

The balance of hardships favors a short pause because coercive enforcement against an unrepresented individual may be difficult to undo, while the Trustee retains existing custody and can preserve estate property. The public interest favors accurate compliance, preservation of evidence, fair notice, and judicial review on a complete record.

## PRIOR APPLICATIONS AND EMERGENCY BASIS

**Pursuant to E.D.N.Y. LBR 9077-1, prior applications seeking the same or similar relief were made as follows: The Emergency Motion of Morris Fateha and US Trustee Motion to Compel on an expedited basis. Apart from the applications identified here, no other application for the same temporary and expeditated relief has been made..**

Emergency treatment is requested because the September 14 Order is presently enforceable and expressly imposes duties upon Mr. Werner. Immediately after docketing, Mr. Werner will provide the filed application and proposed Order to Show Cause to all affected parties and comply with Honorable Judge Jil Mazer-Marino's emergency-motion procedures.

## CONCLUSION

Anton Werner respectfully requests issuance of the accompanying Order to Show Cause, an immediate temporary stay and protective order, TRO relief to the extent procedurally available, fourteen days to retain counsel, fourteen additional days for counsel to present a Rule 60 application, production and preservation of the former-counsel file, and such other relief as the Court considers just. Dated: September 25, 2026

Jackson Heights, New York

/s/ Anton Werner

ANTON WERNER, Pro Se, Individually
33-54 83rd Street, Suite E01
Jackson Heights, New York 11372/ 646-382-5642/ ucm2000@icloud.com

## DECLARATION OF ANTON WERNER IN SUPPORT OF EMERGENCY RELIEF

I, Anton Werner, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

**1.** I am the person expressly designated in the September 14, 2026 Order. I submit this declaration from personal knowledge except where stated on information and belief.

**2.** I appear only for myself. I am not an attorney and do not purport to represent HCEC Equities LLC.

**3.** On September 9, 2026, I appeared at the property and delivered the keys and materials then available to me to the Trustee and associated professionals. I have not refused lawful cooperation.

**4.** Former counsel Elliot Schlissel, Esq., and Nathan DeCorpo, Esq., were notified of their termination on September 2, 2026 by letter emailed , and were directed to deliver the complete client file, with production requested by September 7, 2026.

**5.** As of this declaration, I have not received any part nor complete client file. It contains information and materials needed to respond accurately to turnover and cooperation requests and evidence in support the allegations of a fraud upon the Court by now removed and terminated Counsel of Schlissel and Decorpo. Terminated for cause.

**6.** I cannot produce materials not within my possession, custody, or control. I remain willing to cooperate reasonably regarding specifically identified materials actually within my control.

**7.** I am currently unrepresented in my individual capacity and require a short period to retain counsel capable of presenting the Rule 60 issues accurately and evidence based, effectively.

**8.** I submitted a complaint to the New York Attorney General requesting investigation( Attachment A proof of mailing and receipt by the NY Attorney General with Part II is pending mailing) . I understand that filing a complaint does not establish that a crime or fraud occurred and does not itself invalidate any Court Order.

9 . I am also filing a Notice of Appeal to protect my appellate rights

**10.** Prior applications for similar relief were made as follows: Morris Fateha Esq , and the US Trustee expedited adjudication .

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 25th _, 2026
Jackson Heights, New York

/s/ Anton Werner

ANTON WERNER

**Attachment A**

proof of mailing and receipt by the NY Attorney General where Part II is pending mailing, and receipts to be additionally included

9589 0710 5270 3456 8751 20

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

NEW YORK, NY 10005

OFFICIAL USE

Certified Mail Fee $5.55

$ $4.45

Extra Services & Fees (check box, add fee as appropriate)
- ☐ Return Receipt (hardcopy) $ $0.00
- ☐ Return Receipt (electronic) $ $0.00
- ☐ Certified Mail Restricted Delivery $ $0.00
- ☐ Adult Signature Required $ $0.00
- ☐ Adult Signature Restricted Delivery $

Postage $ $1.11

Total Postage and Fees $ $11.51

Postmark Here

CADMAN PLAZA STATION
SEP 10 2026
10 STATION

Sent To: Office of the New York State Attorney General
Consumer Frauds and Protection Bureau / Real Estate
Street and Apt. No.: Finance Bureau
28 Liberty Street
City, State, ZIP+4®: New York, New York 10005

PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**Office of the New York State Attorney General**
Consumer Frauds and Protection Bureau / Real Estate
Finance Bureau
28 Liberty Street
New York, New York 10005

9590 9402 9056 4122 8041 57

2. Article Number (Transfer from service label)

9589 0710 5270 3456 8751 20

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature ☐ Agent
X ☐ Addressee

B. Received by (Printed Name) C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

NYSOAG MAIL ROOM
SEP 15 2026
RECEIVED

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

USPS TRACKING #

9590 9402 9056 4122 8041 57

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

**ANTON WERNER**
Authorized Property Manager and Agent for HCEC Equities LLC
33-54 83rd Street, Suite E01,
Jackson Heights, New York 11372

| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br><br>In re:<br><br>HCEC EQUITIES LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-42985-JMM<br><br>Hon. Jil Mazer-Marino |
|---|---|

## EMERGENCY ORDER TO SHOW CAUSE WITH TEMPORARY STAY AND PROTECTIVE RELIEF

Upon Anton Werner's Emergency Application [Dkt. No. ___], supporting Declaration, and the record, sufficient cause appearing, it is hereby

ORDERED that the Trustee, United States Trustee, Debtor, former counsel, and all affected parties shall show cause before the Honorable Jil Mazer-Marino, at ___________________, on _________, 2026, at _____ __.m., why an Order should not be entered:

1. Staying enforcement of the August 18 and September 14, 2026 Orders against Anton Werner for fourteen days to retain counsel and pending a Rule 60(b)/Bankruptcy Rule 9024 application;
2. Prohibiting contempt, sanctions, adverse inferences, or coercive personal enforcement against Mr. Werner during the temporary-stay period;
3. Preserving relevant estate property, records, electronically stored information, keys, accounts, funds, and evidence;
4. Directing former counsel terminated for cause , to preserve and produce the complete client file by a date certain, rendered to the Authorized Property manager Agent Anton Werner preserving a full copy of its in house record for itself, the NY attorney General , and this honorable Court ;
5. Permitting retained counsel once a limited and interim stay is granted of 10 days after appearing , to file, adopt, amend, and /or to additionally supplement the removed opposition papers , and /or to file a Rule 60 application for vacatur of the August 18th Order and September 14th Order ; and
6. Granting such other relief as the Court considers just.

## EMERGENCY ORDER TO SHOW CAUSE—TEMPORARY PROVISIONS

IT IS FURTHER ORDERED that, pending the hearing and further order:

7. Enforcement is immediately and temporarily stayed only to the extent it would impose contempt, sanctions, adverse inferences, arrest-related process, or coercive personal enforcement against Anton Werner;
8. Mr. Werner shall continue reasonable cooperation with specific written requests concerning items actually within his possession, custody, or control;
9. This relief does not restore estate property or control to Mr. Werner, authorize him to act for the Debtor, or prevent ordinary protective administration;
10. All affected persons shall preserve relevant records and electronically stored information and shall not destroy or materially alter evidence;
11. Opposition papers shall be filed and served by __________, 2026, at _____ __.m.; reply papers, if permitted, shall be filed and served by __________, 2026, at _____ __.m.;
12. Movant shall serve this Order to Show Cause, the Application, Declaration, and supporting papers by _______________ no later than __________, 2026, at ______ __.m., and shall promptly file proof of service; and
13. Security is [waived / fixed at $_________].

Dated: Brooklyn, New York September _________, 2026

____________________________

HONORABLE JIL MAZER-MARINO
CHIEF UNITED STATES BANKRUPTCY JUDGE

# CERTIFICATE OF SERVICE

I certify that on September ___, 2026, I served the Emergency Application, supporting Declaration, proposed Emergency Order to Show Cause, and referenced attachments upon:

- Chapter 11 Trustee and counsel for the Trustee, including O'Toole & O'Toole;
- Office of the United States Trustee for the Eastern District of New York;
- HCEC Equities LLC and its counsel of record, if any;
- Marilyn M. Peter and Morris Fateha, Esq.;
- Elliot Schlissel, Esq., Nathan DeCorpo, Esq., and their firm; and
- Colliers Real estate Auctioneer
- All other parties entitled to notice under the Bankruptcy Rules and the Court's creditor matrix served by ECF with the Court Clerk .

**Service method(s), addresses, and transmission details: Served by hand Delivery to the Court Clerk in person , Time Stamped .**

Dated: September 24th , 2026
Jackson Heights, New York

/s/ Anton Werner

ANTON WERNER, Interim Pro Se
Seeking to Retain Counsel and Have Representation